THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant
MIDLAND FUNDING LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LISA STONE-MOLLOY,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>State Court Complaint filed 09/02/15 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1331, Defendant Midland Funding LLC ("Midland") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles, Case No. 15V07688 (the "State Case") to the United States District Court for the Central District of California, Western Division. The grounds for this removal are that plaintiff's complaint raises federal question jurisdiction based on the facts and theory alleged.

**FACTUAL SUMMARY**

1. Plaintiff Lisa Stone-Molloy ("Plaintiff") commenced the State Case asserting that Midland "re-age[d] [the] actual first date of delinquency" of Plaintiff's debt. (Small Claims Complaint, page 2, ¶ 3.a.)

2. Midland was served with the summons and complaint on September 14, 2015.

3. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after service of the complaint.

**JURISDICTION**

4. Removal is proper pursuant to 28 U.S.C. section 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. section 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Plaintiff bases her claim on Midland's alleged improper aging of a debt for purposes of reporting a debt to the credit bureaus, which falls squarely within the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). "Through the FCRA, Congress has elected to establish a scheme of uniform requirements regulating the use, collection and sharing of consumer credit information. In order to maintain this uniformity, Congress included express preemption clauses in the FCRA relating to various aspects of consumer credit reporting." *Buraye v. Equifax*, 625 F. Supp. 2d 894, 900 (C.D. Cal. 2008) (quoting *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005)). While Plaintiff does not expressly state what law she asserts Midland violated, Plaintiff's claim necessarily makes a federal claim under the FCRA. *See Washington v. Direct Gen. Ins. Agency,* 130 F.Supp.2d 820, 824 (S.D. Miss. 2000) (removal was proper where it was obvious plaintiff meant to allege claim under FCRA).

6. Moreover, even if Plaintiff purported to assert a state-law claim, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that

nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues….” *Id.* at 312.

7. Plaintiff's sole factual allegation is that Midland "re-age[d] [the] actual first date of delinquency" of Plaintiff's debt, which Plaintiff asserts caused her credit to decline. The proper "age" of a debt for purposes of reporting a debt to the credit bureaus is governed by federal law. 15 U.S.C. § 1681s-2(a)(5). Any state law purporting to impose requirements on a furnisher of information in this regard is expressly preempted. 15 U.S.C. § 1681t(b)(1)(F). Thus, resolution of this federal question is a necessary element to resolving Plaintiff's claim. This Court therefore has federal question jurisdiction over Plaintiff's claim.

8. The district court has supplemental jurisdiction over any alleged additional state law claim(s) because it is so related to the claim over which the district court has original jurisdiction that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a).

9. Pursuant to 28 U.S.C. section 1446(a), Midland attaches as **Exhibit 1** a copy of all process, pleadings, and orders in the State Court action.

DATED: October 13, 2015        SOLOMON WARD SEIDENWURM & SMITH, LLP


By: */s/ Leah S. Strickland*
THOMAS F. LANDER
LEAH S. STRICKLAND
Attorneys for Defendant
MIDLAND FUNDING LLC

**INDEX TO EXHIBITS**

<u>Pages</u>

Exhibit 1:   State Court Complaint..................................................................   1-5