O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LISA STONE-MOLLOY, | Case № 2:15-cv-08017-ODW (AJWx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| MIDLAND FUNDING LLC, | |
| Defendant. | |

## I. INTRODUCTION

On October 13, 2015, Defendant Midland Funding LLC timely removed this action to federal court based on arising-under jurisdiction. After reviewing Defendant's Notice of Removal, it does not appear that Plaintiff Lisa Stone-Molloy's claims arise under federal law, and thus the Court lacks subject matter jurisdiction. Consequently, this action is **REMANDED** to state court.[1]

## II. BACKGROUND

On September 2, 2015, Plaintiff filed her Complaint in the Los Angeles Superior Court's small claims division. (ECF No. 1-1.) The sole substantive

---

[1] After carefully considering Defendant's Notice of Removal and the documents filed in support thereof, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

allegation in the Complaint is as follows: "re-age of actual first date of delinquency to a new account-opened date 20 months newer." (Compl. ¶ 3a.) Plaintiff seeks damages in the amount of $2,500, which she attributes to "credit decline actual damages." (*Id.* ¶ 3c.) Plaintiff served Defendant with the Complaint on September 14, 2015. (Not. of Removal ¶ 2.) On October 13, 2015, Defendant timely removed the action to this Court. (ECF No. 1.)

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

### IV. DISCUSSION

Defendant asserts two bases for arising-under jurisdiction: (1) Plaintiff's claim arises under the federal Fair Credit Reporting Act (FCRA), and (2) Plaintiff's claim contains a substantial federal ingredient because the FCRA preempts any state law claim that Plaintiff might be alleging. (Not. of Removal ¶¶ 5–7.) The Court is not

convinced by either argument.

As to the first basis, it is far from clear that Plaintiff is stating a claim under the FCRA. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Plaintiff does not cite a federal statute or use language that substantially tracks the language of a federal statute, and thus it is not clear that she is trying to state a claim under federal law. Plaintiff could be attempting to state, for example, a negligence claim. That FCRA preemption may ultimately require Plaintiff to bring her claims under federal law does not mean that the Complaint as currently pleaded states a claim under federal law.

*Washington v. Direct Gen. Ins. Agency*, 130 F. Supp. 2d 820, 824 (S.D. Miss. 2000) is distinguishable. There, the plaintiff purported to assert a claim under the "Fair Faith and Credit Act." The court found that this was actually a claim under the FCRA because there was "no Mississippi nor federal statute known as the 'Fair Faith and Credit Act' [and] a review of the provisions of the FCRA makes it obvious that the complaint seeks to assert a claim under the FCRA." *Id.* In contrast, Plaintiff here does not identify any statute (real or not), and the sparse allegations in her Complaint make it impossible to determine with any certainty what governing law she relies on. To the extent *Washington* holds that removal is proper because the claim must ultimately be brought under the FCRA, this Court declines to follow it—such a rule would run afoul of the Supreme Court's characterization of the plaintiff as the "master of the claim." *Caterpillar Inc.*, 482 U.S. at 392.

As to the second basis, a case is not removable simply because a defendant intends to assert a defense of federal preemption to a state law claim. "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal

defense, including the defense of pre-emption, . . . even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. The narrow exception to this rule is the "complete preemption" doctrine, which "'occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court.'" *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (citation omitted). "Complete preemption, however, arises only in 'extraordinary' situations," and the Supreme Court has identified only three federal statutes that qualify under this doctrine—and the FCRA is not one of them. *Id.* Indeed, the fact that the FCRA's preemption clause, 15 U.S.C. § 1681t(b)(1)(F), contains two savings clauses—including one for claims under California Civil Code section 1785.28(a)—counsels strongly against complete preemption, and may even exempt Plaintiff's claim from preemption altogether. FCRA preemption thus does not confer arising-under jurisdiction.

## V. CONCLUSION

When a case is removed from state court to federal court, the federal court must resolve all ambiguities in favor of remanding the case. Here, there are sufficient reasons to doubt the propriety of removal. Thus, the Court **REMANDS** the action to the small claims division of the Los Angeles Superior Court, Van Nuys, Case No. 15V07688. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 19, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**